**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4551

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY EARL BETHEA, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:23-cr-00297-LCB-1)

Submitted:  April 30, 2025                                Decided:  June 26, 2025

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Earl Bethea, Jr., appeals his conviction entered pursuant to a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). On appeal, he challenges the district court's denial of his motion to suppress the firearm seized during an investigative stop. For the following reasons, we affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We consider the evidence in the light most favorable to the Government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted).

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Accordingly, warrantless searches and seizures "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). In *Terry v. Ohio*, 392 U.S. 1, 27 (1968), the Supreme Court recognized that the police may constitutionally "conduct a brief, investigatory stop when [an] officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

When reviewing the constitutionality of an investigatory stop, we consider whether the totality of the circumstances gave the officer a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Mayo*, 361 F.3d 802, 805 (4th Cir. 2004)

2

(cleaned up).  Reasonable suspicion requires more than an "inchoate and unparticularized suspicion or 'hunch'"; however, reasonable suspicion may be based on inferences made on the basis of police experience.  *Terry*, 392 U.S. at 27.  Indeed, "law enforcement officers . . . may 'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'"  *United States v. Johnson*, 599 F.3d 339, 343 (4th Cir. 2010) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

Based on these principles, we discern no error in the district court's determination that the officer who stopped Bethea had a reasonable basis for conducting such an investigative stop.  Considering the totality of the circumstances—including Bethea's obvious impairment, his paranoid behavior in the minutes leading up to the stop, the position of the firearm in his hands, and the arresting officer's knowledge of the area and previous experience responding to calls there—the officer had reasonable, articulable suspicion that Bethea was involved in illegal activity justifying the stop.  Contrary to Bethea's arguments on appeal, we conclude that the court did not clearly err in its factual findings or otherwise misapply the applicable law.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*